# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-3868 FMO (RAOx) | Date | May 24, 2018 |
| Title | Patagonia, Inc. v. Angie Mobley, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On May 9, 2018, plaintiff Patagonia, Inc. ("plaintiff") filed a Complaint against defendants Angela Mobley, Brandon Mobley, Kinsey Linn Karpowicz, Kalee Sauls, Tiffany Gutridge, MaryKate Worthington, Summer McClendon, Ashley Crawford, Tammy Mann, Kailey Bullock, April Frey, Myra's Bowtique, and Sapphire & Sycamore Boutique (collectively, "defendants"), alleging federal trademark counterfeiting and infringement, federal unfair competition, and copyright infringement. (See Dkt. 1, Complaint at ¶¶ 36-55). Plaintiff alleges that the court has personal jurisdiction over the defendants because "Defendants have purposefully directed their conduct into this district, including by individually targeting Patagonia, a corporation with its principle place of business in this district, by infringing and counterfeiting its trademarks." (Id. at ¶ 15). Plaintiff further alleges that defendants "operate interactive websites, including interactive Facebook Groups, that are used to sell their infringing and counterfeit products, and that are accessible by consumers in this district[,]" and that are used to post advertisements, receive orders, and arrange payment and delivery. (Id.). Plaintiff alleges that venue is proper because "Defendants infringe Patagonia's intellectual property in this district, and a substantial part of the events giving rise to the claims asserted arose in this district." (Id. at ¶ 16).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the

| | UNITED STATES DISTRICT COURT |
| | CENTRAL DISTRICT OF CALIFORNIA |

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3868 FMO (RAOx) | Date | May 24, 2018 |
|---|---|---|---|
| Title | **Patagonia, Inc. v. Angie Mobley, et al.** | | |

forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff does not allege any specific contacts between defendants and the state of California, nor does plaintiff allege how its causes of action arise out of or relate to those contacts. (See, generally, Dkt. 1, Complaint). Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this District. (See, generally, id.). Further, plaintiff points to defendants' use of Facebook Groups, (see Dkt. 1, Complaint at ¶ 15), but Facebook is headquartered within the Northern District of California, not the Central District of California. (See, e.g., Facebook's February 1, 2018 Form 10K at 1) (Facebook is a Delaware corporation headquartered in Menlo Park, California).

Accordingly, IT IS ORDERED that no later than **June 4, 2018**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |